## GILLILAND et al. v. CITY of CLINTON et al.

No. 19200.    Opinion Filed June 12, 1928.

(Syllabus.)

**Elections—Burden of Proof upon Those Seeking to Invalidate Election for Illegal Voting.**

In an action to set aside an election on the ground of illegal voting, the burden of proof is upon those seeking to set aside the election to show that sufficient illegal votes were cast to change the result of the election, and in the absence of such showing, the election will not be held invalid.

2. **Same—Dissolution of Temporary Injunction Against Sale of City Bonds Sustained.**

Record examined, and held, sufficient to support the judgment of the trial court.

Error from District Court, Custer County; E. L. Richardson, Assigned Judge.

Injunction by John Gilliland and another against the City of Clinton and city officials. From order dissolving temporary injunction, plaintiffs appeal. Affirmed.

A. E. Darnell, for plaintiffs in error.

Henry Bulow, Walter S. Mills, and J. B. Dudley, for defendants in error.

HEFNER, J. This is an appeal from an order of Hon. E. L. Richardson, special judge assigned in the district court of Custer county, dissolving a temporary injunction. The parties will be referred to herein as plaintiffs and defendants in the order in which they appeared in the trial court.

The record discloses the following facts: Clinton is a city of the first class, operating under a charter form of government. The defendants, E. J. Meacham, George Hallifax and C. W. Goodwin, constitute the mayor and commissioners of the city. The plaintiffs are resident taxpayers and qualified electors of the city.

On December 3, 1912, an ordinance was passed dividing the city into four wards and defining the boundaries thereof. The city hall is approximately in the center of town. The corner of the four wards is approximately at the center of the city hall and a portion of the city hall is in each of the four wards. During the year 1914, the county election board designated voting precincts to conform to the ward lines in accordance with the ordinance. The voting places designated are all in the city hall, but in different wards, and each ward has a voting place.

In the election in controversy herein the electors of precinct 1 voted in precinct 1, ward 1; the electors of precinct 3 voted in precinct 3, ward 3; and the electors of precinct 4 voted in precinct 4, ward 4. However, the electors residing in precinct 2 went across the hallway of the city hall and voted in the southeast corner of the city hall, which room is in precinct 4.

The election was to determine whether or not the city of Clinton should issue certain bonds in the sum of $600,000, and was held on December 19, 1927, resulting in a vote of 247 for and 214 against the bonds, making a majority of 33 votes in favor of the issuance of the bonds. The vote by wards is not reflected by the record except as to ward 2, and in this ward there was a total of 129 votes cast, 63 for and 66 against the bonds, or a majority of 3 against the bonds in that ward. If the entire vote in this ward should be eliminated, the bonds would still have a majority of 30 votes.

No allegation of fraud or corruption was made, and it is not claimed that any one was deprived of the right to vote or failed to vote on account of the place where the election of ward 2 was held. In fact, it was held in the same place where, for some time past, previous elections had been held.

This action was to enjoin the sale of the bonds. A temporary injunction was issued by the county judge. A motion was filed by the defendants to dissolve the temporary injunction. A hearing was had upon said motion, and an order made dissolving the same, and from this order the plaintiffs have brought the case here for review.

The principal question to be determined is whether or not the election was void because the electors residing in precinct 2 went across the hallway of the city hall and voted in the southeast corner of the city hall, which room is in precinct 4. Is this sufficient to overcome the will of the voters as expressed in a free, fair election where no fraud is claimed and no one denied the right to vote or participate in the election?

This court has recently announced the rule that in an action to set aside an election on the ground of illegal voting, in the absence of allegations or proof of fraud, the burden of proof is upon those seeking to set aside the election to show not only that illegal votes were cast sufficient to have changed the result of the election, but they must show by whom and for whom, or for what issue or question submitted, such votes were cast. (M. E. Simerson v. All Parties Favoring the Incorporation of Big Cabin, No. 17988, decided June 5, 1928, pending on rehearing).

There is no claim made that any one was kept from voting by reason of where the election was held in ward 2. If the entire vote from this ward should be eliminated, those who favored the bond issue would still have a majority of 30 votes.

We do not think, under the record in this case, the election was void, and the judgment of the trial court in dissolving the temporary injunction is affirmed.

MASON, V. C. J., and PHELPS, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 20 C. J. p. 240. §324; 9 R. C. L. p. 1163; 2 R. C. L. Supp. p. 934; 7 R. C. L. Supp. p. 588. (2) 32 C. J. p. 426. §731.