WHITE et al. v. POTTAWATOMIE COUNTY et al.

No. 32951. June 17, 1947.

Rehearing Denied Sept. 9, 1947.

*184 P. 2d 446.*

Roy F. Lewis and Fred Albert, both of Oklahoma City, for plaintiffs in error.

Shelton Skinner, Co. Atty. of Shawnee, for defendants in error, except the Attorney General.

Mac Q. Williamson, Atty. Gen., pro se.

GIBSON, J. The plaintiffs and interveners are taxpaying residents of Pottawatomie county who sue on behalf of themselves and all others similarly situated. The county, the members of the board of county commissioners, the county treasurer, the county attorney, the Attorney General of the state and the Federal National Bank of Shawnee, which is alleged to be the proposed purchaser, are made defendants.

The bonds involved are a proposed issue of $800,000 for construction of permanent roads, etc., voted at an election held on February 26, 1946. The action to enjoin the issuance and sale of the bonds was filed on May 3, 1946, and the basis of the relief sought is the alleged illegality of the bond issue. The charge of illegality is based on three grounds: One, that the amount thereof when added to existing indebtedness exceeds the constitutional limit. Two, that during the same fiscal year the same question had been submitted at an election held and same failed to pass, and therefore the February election was unauthorized. And, third, that at the previous election all of the county funds available for holding elections were exhausted and the February election was had at the expense of private citizens who bore the same and that such method was contrary to the spirit of the law, amounted to bribery, and by reason thereof the election was illegal.

There is no allegation that the defendants or any of them have acted or contemplate acting without statutory authority.

All of the defendants, other than the bank, which neither answered nor appeared, filed answers wherein their alleged official capacities were admitted and the other allegations of the petition

were denied generally. In the answer of the Attorney General it is further stated that the bonds in question had not been presented to him as Bond Commissioner and averred that there is not presented a situation wherein answering defendant should be restrained.

When the cause came on for trial upon the issues and before evidence was introduced, the answering defendants orally objected to the jurisdiction of the court to proceed and moved the court to dismiss the action upon the grounds that there was an adequate remedy at law and that it appeared upon the face of the petition that the case was prematurely brought. The court, having previously indicated that the action was prematurely brought, sustained the objection and ordered the case dismissed. And in accordance therewith judgment was awarded and therefrom this appeal is prosecuted.

For reversal it is contended that plaintiffs do not have an adequate remedy at law; that the action was not prematurely brought; and that the petition states a cause of action. In support of the first proposition it is urged that the only other suggested remedy, that is, the review by the Bond Commissioner, was inadequate because such Commissioner was an administrative officer and no appeal from his ruling could be had. Touching the second proposition it is urged that on authority of City of El Reno v. Cleveland-Trinidad Paving Co., 25 Okla. 648, 107 P. 163, such action lies and can be brought at any time after the results of the election have been declared and until 30 days after approval by the Attorney General as Bond Commissioner have elapsed. And it is further urged that if the judgment of dismissal was because the action was prematurely brought, the judgment of dismissal should have been without prejudice. In support of the third proposition plaintiffs contend that the facts alleged show that the amount of such issue when added to existing indebtedness will create an indebtedness in excess of 5% of the aggregate value of the taxable property situated in the county, thus violating section 26, art. 10, of the Constitution. And it is urged that the judgment be reversed and the cause be remanded for trial upon the issues made by the pleadings.

On behalf of defendants in error it is contended that the motion to dismiss was in effect an objection to the introduction of evidence for insufficiency of the petition and tantamount to a demurrer thereto and since the plaintiffs did not seek to amend and elected to stand thereon, the judgment of dismissal is a final judgment upon the merits and should be affirmed as such if the petition is demurrable.

Being of the opinion that the judgment of the court was not determinative of any of the issues raised by the pleadings, we deem it unnecessary to consider whether the petition stated a cause of action.

The objection to jurisdiction was because of the alleged adequate remedy at law and that the action was premature. As presented and considered, the two grounds are clearly associated. The first ground had reference to the mandatory duty of the Bond Commissioner to pass upon such bonds before any contractual rights could arise thereunder, and hence that the action is to be deemed premature previous to the Commissioners' action. The remedy thus afforded does not negative the right of action in equity thereafter within a prescribed limit of time, and therefore does not negative equitable jurisdiction if and when occasion should arise.

Though old rules of pleading have been abolished (12 O. S. 1941 § 262), the distinction between matter in bar and matter in abatement is clear and substantial and same is recognized notwithstanding the changes in the forms of pleadings (1 C. J. p. 28, § 9, and cases cited). The substance of the distinction is that pleas in bar go to the merits and would show that the plaintiff has no cause of action, while those

in abatement go merely to defeat or suspend the action wherein they are interposed and do not conclude plaintiffs' right to maintain an action upon the cause stated (1 C. J. p. 28, § 9, and cases cited). It is evident that the judgment of dismissal was one in abatement of the action which precludes any idea of an adjudication on the merits of the action. Linney v. Thompson, 44 Kan. 765, 25 P. 208.

By statute the Attorney General is made ex officio Bond Commissioner of the State of Oklahoma. 62 O. S. 1941 § 11.

The duties of the Bond Commissioner are defined in section 13 of the same title as follows:

"It shall be the duty of the Bond Commissioner to prepare uniform forms and prescribe a method of procedure under the laws of the state in all cases where it is desired to issue public securities or bonds, in any county, township, municipality or political or other subdivisions thereof of the State of Oklahoma; and it shall be the further duty of said Bond Commissioner to examine into and pass upon any security so issued, and such security, when declared by the certificate of said Bond Commissioner to be issued in accordance with the forms of procedure so provided shall be incontestable in any court in the State of Oklahoma unless suit thereon shall be brought in a court having jurisdiction of the same within thirty days from the date of the approval thereof by the Bond Commissioner."

Construing this section, we declared in State ex rel. Board of Education of Oklahoma City v. West, Atty. Gen., 29 Okla. 503, 118 P. 146, as follows:

"The Attorney General may ascertain whether statutory authority exists for the issuance of the bonds, whether the essential facts exist upon which the exercise of such statutory authority may be conditioned, and whether the forms and methods of procedure prescribed by the Constitution and statutes have been complied with. These matters he is required to investigate and determine in advance of any controversy in the courts, and before the municipalities of the state have issued their bonds to purchasers, creditors, and others."

It is manifest that the purpose of the statute is to avoid and prevent the issuance of bonds which are illegal and that in furtherance thereof a discretionary power is confided in a public official. The duties of such official, properly performed, are for the benefit of the plaintiffs and all others so situated and is in the exercise of their right in the premises. Pending action by the Bond Commissioner the plaintiffs, without more than is alleged herein, are without capacity to maintain the action and same is abatable for that reason. To hold otherwise would not only be disruptive of the ordained processes of the law in the premises but would be violative of the well established principle that where public officials are intrusted with discretionary power in certain matters their exercise of such discretion will not be controlled by injunction in the absence of any showing that their action is fraudulent or in bad faith. Payne v. Jones, 193 Okla. 609, 146 P. 2d 113; Moore v. Porterfield, 125 Okla. 217, 257 P. 307; City of El Reno v. Cleveland-Trinidad Paving Co., supra, and other cases relied on by plaintiffs are not in point.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.