**A. L. RIECK et al., Plaintiffs in Error,**

v.

**TOWN OF LONGDALE, Oklahoma, et al., Defendants in Error.**

No. 40342.

Supreme Court of Oklahoma.

Feb. 11, 1964.

H. G. Tolbert, Watonga, for plaintiffs in error.

Clyde E. Robinson, Watonga, for defendants in error.

HALLEY, Vice Chief Justice.

Plaintiffs (A. L. Rieck and others) commenced this action by filing a verified petition on June 18, 1962, against defendants (the Town of Longdale, its clerk and trustees). Plaintiffs alleged that they were residents and taxpayers of the Town of Longdale and brought the action on behalf of themselves and other resident taxpayers similarly situated. It was alleged that an

election was held in the Town on June 5, 1962, for the purpose of voting for or against the issuance of bonds in the amount of $49,000 to provide funds for the purpose of constructing a sanitary sewer system in the Town. Plaintiffs alleged certain irregularities in the proceedings by the Town officials leading up to and during the election. The petition sought an injunction against defendants from proceeding with the issuance and sale of bonds as a result of the election.

The trial court entered its temporary restraining order on June 21, 1962, restraining and enjoining defendants from issuing and selling the bonds authorized by the special election, and setting a hearing on the matter for July 13, 1962. Prior to the hearing and within the time allowed by summons served on them, defendants filed an instrument called motion to dismiss, demurrer and motion to quash temporary restraining order. In this instrument defendants, among other things, alleged:

"Said defendants and each of them further allege that this cause of action is prematurely brought and may not be maintained until the Attorney General of the State of Oklahoma, as ex-officio Bond Commissioner of the State of Oklahoma, has approved the bonds referred to in plaintiff's petition, and therefore this action cannot be maintained at this time and should be dismissed."

Upon hearing, the trial court sustained defendants' demurrer and motions, dissolved the temporary restraining order, and gave plaintiffs thirty days in which to file an amended petition. Plaintiffs elected to stand upon the petition as filed and the trial court dismissed their action. Plaintiffs have perfected this appeal.

Plaintiffs argue a single proposition: that plaintiffs' action was *not* prematurely brought and therefore the trial court had authority and jurisdiction to hear the cause.

The plaintiffs state that there is no dispute concerning the facts upon which this Court must act and decide. Plaintiffs say that they are not attempting to enjoin the Attorney General from making his decision, as ex-officio Bond Commissioner, but that they are attempting to enjoin the Town from doing that which it has no authority to do. Plaintiffs cite Munger v. Town of Watonga, 106 Okl. 76, 233 P. 211, as authority for the assertion that the district court has jurisdiction to determine whether a bond election was void.

The Watonga case, supra, is distinguishable because it was decided on a general demurrer to plaintiffs' petition. In that case a defense in abatement did not appear on the face of the petition. The rule in effect at that time was that grounds of abatement not so appearing must be alleged by answer. Oklahoma Press Pub. Co. v. Gulager, 168 Okl. 245, 32 P.2d 723; Suter v. City of Okmulgee, Okl., 373 P.2d 527. Therefore the Watonga case, supra, had not yet reached the stage in its pleadings where a plea in abatement could have been made.

■ In 1961 the Legislature enacted 12 O.S.1961 § 322, which specifically provides how a defense in abatement may be raised. Where a defense in abatement does not appear on the face of the petition, defendants may properly raise it by stating the relevant facts by motion or in the answer. This was done in the instant case by stating the facts in the motion.

■ Defendants agree with plaintiffs that a case such as this is properly within the jurisdiction of the district court. However, defendants contend that such a case may be abated upon proper motion where the action is brought after the election is held but before the bonds are issued and approved by the Bond Commissioner.

Defendants' position is the law of this State. By statute the Attorney General is made ex-officio Bond Commissioner of the State of Oklahoma. 62 O.S.1961 § 11. It is his duty to examine into and pass upon any bonds that a town may desire to issue. 62 O.S.1961 § 13. We construed these sections of the statutes in State ex rel. Board

484

of Education of Oklahoma City v. West, 29 Okl. 503, 118 P. 146, and stated:

"* * * The Attorney General may ascertain whether statutory authority exists for the issuance of the bonds, whether the essential facts exist upon which the exercise of such statutory authority may be conditioned, and whether the forms and methods of procedure prescribed by the Constitution and statutes have been complied with. These matters he is required to investigate and determine in advance of any controversy in the courts, and before the municipalities of the state have issued their bonds to purchasers, creditors, and others. * * *"

We cited the West case, supra, and followed its reasoning in White v. Pottawatomie County, 199 Okl. 103, 184 P.2d 446. In the fourth paragraph of the syllabus therein, we held:

"Subsequent to the holding of an election at which bonds are voted and previous to the performance by the Bond Commissioner of the duties prescribed by law with reference thereto the citizen taxpayer is without capacity or authority to sue in the courts to have such bonds declared illegal because of the illegality of such election."

In the body of the opinion, we said:

"It is manifest that the purpose of the statute is to avoid and prevent the issuance of bonds which are illegal and that in furtherance thereof a discretionary power is confided in a public official. The duties of such official properly performed are for the benefit of the plaintiffs and all others so situated and is in the exercise of their right in the premises. Pending action by the Bond Commissioner the plaintiffs, without more than is alleged herein, are without capacity to maintain the action and same is abatable for that reason. * * *"

The above reasoning is applicable in the instant case. The plaintiffs are not left without a remedy. The statute (62 O.S. 1961 § 13) provides that suit may be brought to contest the issuance of such public securities or bonds if brought in a court having jurisdiction of the same within thirty days from the date of approval thereof by the Bond Commissioner. City of Sallisaw v. Nesbitt, Okl., 380 P.2d 954, 957.

Affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.