901 P.2d 491

Scott Karterman, Plaintiff,

v.

Billye Rosenkrance and Linda Kimball, co-general personal representatives of the estate of Preston G. Price, deceased, Defendants,

and

Sally JOHNSON, Defendant–Respondent,

and

UNITED STATES of America acting through the Farmers Home Administration, United States Department of Agriculture, Defendants–Appellants.

Sally JOHNSON, Defendant–
Counterclaimant–Cross
Claimant–Respondent,

v.

Scott KARTERMAN, Plaintiff–
Counterdefendant,

and

Billye Rosenkrance and Linda Kimball, co-general personal representatives of the estate of Preston G. Price, deceased, Defendants,

and

UNITED STATES of America acting through the Farmers Home Administration, United States Department of Agriculture, Defendants–Cross Defendants–Cross Claimants.

UNITED STATES of America,
Defendant–Cross Defendant–
Cross Claimant,

v.

The UNKNOWN HEIRS, DEVISEES, SUCCESSORS in INTEREST and CLAIMANTS to the ESTATE OF Preston G. PRICE, deceased; The Unknown Heirs, Devisees, Successors in Interest and Claimants to the Estate of Billye Rosenkrance; deceased, and Linda Kimball, Defendants–Cross Defendants,

and

Sally Johnson, Defendant–Cross
Defendant–Respondent,

and

Preston Marcroft; Ronan, Inc., a Montana Corporation; Butte County Bank, nka First Security Bank of Idaho; and Dick Smith, Defendants,

and

William D. PRICE, Defendant–
Respondent.

No. 20920.

Supreme Court of Idaho,
Idaho Falls, May 1995 Term.

Aug. 17, 1995.

Betty H. Richardson, U.S. Attorney, Boise, and Patricia A. Millet, Dept. of Justice (argued), Washington, DC, for appellant.

Harry C. De Haan, Twin Falls, for respondent Sally Johnson.

Robert M. Kerr, Jr., Blackfoot, for respondent William Price.

JOHNSON, Justice.

This is a mortgage foreclosure case in which the United States challenges the trial court's application of Idaho's statute of limitation in mortgage foreclosure actions, I.C. § 5–214A. We conclude that I.C. § 5–214A cannot be applied against the United States due to federal sovereign immunity.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

In October 1991, Scott Karterman sued to foreclose a mortgage recorded November 1, 1968 on real property owned by Preston Price (Preston's property). Karterman's suit named the United States and Sally Johnson as parties claiming an interest in Preston's property. The United States's interest in Preston's property is a mortgage recorded October 26, 1977, securing two loans made by the United States through the Farmers Home Administration (FmHA). Preston defaulted on these loans in 1986, and died in 1987. Johnson's interest in Preston's property is derived from a judgment recorded October 25, 1983.

The United States cross-claimed against Johnson and William Price (William), seeking to foreclose its mortgage. William claims title to a portion of Preston's property based on a 1982 warranty deed and his open use of the land. Johnson cross-claimed against the United States, contending that the five-year statute of limitations contained in I.C. § 5–214A bars the United States's foreclosure action.

Based on I.C. § 5–214A, the trial court dismissed the foreclosure actions of both Karterman and the United States. The United States appealed.

## II.

### I.C. § 5–214A DOES NOT APPLY AGAINST THE UNITED STATES.

The United States asserts that federal sovereign immunity exempts it from state statutes of limitation, and therefore that it was improper for the trial court to dismiss the United States's foreclosure action based on I.C. § 5–214A. We agree.

The U.S. Supreme Court has consistently held that the United States is exempt from state statutes of limitation unless Congress has explicitly waived its sovereign immunity. See United States v. John Hancock Mut. Life Ins. Co., 364 U.S. 301, 308, 81 S.Ct. 1, 6, 5 L.Ed.2d 1 (1960); United States v. Summerlin, 310 U.S. 414, 416, 60 S.Ct. 1019, 1020, 84 L.Ed. 1283 (1940). A congressional waiver of federal sovereign immunity must

be expressed unequivocally in the statutory text, and "be strictly construed in favor of the United States...." *United States v. Idaho ex rel. Director, Idaho Dep't of Water Resources,* 508 U.S. 1, 7, 113 S.Ct. 1893, 1896, 123 L.Ed.2d 563 (1993) (quoting *Ardestani v. INS,* 502 U.S. 129, 136–37, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991)); *see also United States v. Nordic Village, Inc.,* 503 U.S. 30, 36–37, 112 S.Ct. 1011, 1016, 117 L.Ed.2d 181 (1992).

Johnson and William argue that 28 U.S.C. § 2410 constitutes an explicit waiver of the United States's sovereign immunity. The pertinent portions of this statute provide:

(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, *the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction* of the subject matter—

(1) to quiet title to,

(2) to foreclose a mortgage or other lien upon,

(3) to partition,

(4) to condemn, or

(5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien.

\* \* \* \* \* \*

(c) A *judgment or decree in such action or suit shall have the same effect* respecting the discharge of the property from the mortgage or other lien held by the United States *as may be provided with respect to such matters by the local law* of the place where the court is situated.

\* \* \* \* \* \*

(e) Whenever any person has a lien upon any real or personal property, duly recorded in the jurisdiction in which the property is located, and a junior lien, other than a tax lien, in favor of the United States attaches to such property, such person may make a written request to the officer charged with the administration of the laws in respect of which the lien of the United States arises, to have the same

extinguished. If after appropriate investigation, it appears to such officer that the proceeds from the sale of the property would be insufficient to wholly or partly satisfy the lien of the United States, or *that the claim of the United States has been satisfied or by lapse of time or otherwise has become unenforceable,* such officer shall so report to the Comptroller General who may issue a certificate releasing the property from such lien.

28 U.S.C. § 2410 (1994) (emphasis added).

■ Congress's purpose in passing this statute was "to lift the bar of sovereign immunity which had theretofore been considered to work a particular injustice on private lienors." *United States v. Brosnan,* 363 U.S. 237, 246, 80 S.Ct. 1108, 1114, 4 L.Ed.2d 1192 (1960). Although subsection (a) of this statute waives the federal government's immunity from suit in various actions involving personal or real property, it does not mention immunity from state statutes of limitation. Therefore, 28 U.S.C. § 2410(a) cannot be considered an explicit and unequivocal waiver of federal sovereign immunity under *Idaho Dep't of Water Resources,* —— U.S. at ——, 113 S.Ct. at 1896, 123 L.Ed.2d 563, and *Nordic Village, Inc.,* 503 U.S. at 36–37, 112 S.Ct. at 1016, 117 L.Ed.2d 181.

■ Similarly, 28 U.S.C. § 2410(c) deals only with the effect of judgments in the actions described in subsection (a), and does not address federal sovereign immunity of any sort, much less immunity from state statutes of limitation. Therefore, it cannot be considered an explicit and unequivocal waiver.

■ Finally, 28 U.S.C. § 2410(e) addresses the special circumstances where an officer of the United States may release a lien held by the United States. One of these circumstances is where the claim of the United States has become unenforceable "by lapse of time." Whatever this vague reference means, it is not an explicit and unequivocal waiver of the United States's sovereign immunity from state statutes of limitations. *Idaho Dep't of Water Resources,* 508 U.S. at 7, 113 S.Ct. at 1896, 123 L.Ed.2d 563, and

*Nordic Village, Inc.,* 503 U.S. at 36–37, 112 S.Ct. at 1016, 117 L.Ed.2d 181.

Because there is no federal statute that explicitly and unequivocally waives the United States's immunity from state statutes of limitation in foreclosure actions, the trial court should not have dismissed the United States's suit based on I.C. § 5–214A.

## III.

### CONCLUSION.

We vacate the summary judgment dismissing the United States's foreclosure action and remand the case to the trial court for further proceedings consistent with this opinion.

We award costs on appeal to the United States. The United States did not request attorney fees.

McDEVITT, C.J., and TROUT, SILAK and SCHROEDER, JJ., concur.