49 P.3d 740 (2002)
2002 OK 53
Eric W. HATHAWAY, Appellant,
v.
The STATE of Oklahoma, ex rel. MEDICAL RESEARCH & TECHNICAL AUTHORITY, Appellee, and
HCA Health Services of Oklahoma, Inc., an Oklahoma corporation, d/b/a Presbyterian Hospital, and John Does Nos. 1 & 2, Defendants.
No. 96,272.
Supreme Court of Oklahoma.
June 18, 2002.
Brian M. Dell, Oklahoma City, OK, for appellant.
Drew Edmondson, Attorney General of the State of Oklahoma, E. Clyde Kirk, Assistant Attorney General, Oklahoma City, OK, for appellee.
*741 BOUDREAU, Justice.
¶ 1 This is an appeal from an order granting summary judgment in favor of the State in a governmental tort claims action. The issue presented is whether the trial court correctly granted summary judgment because Eric W. Hathaway, appellant, after filing his governmental tort claims action prematurely, failed to refile his petition within 180 days after his claim was denied. For the reason set out below, we reverse the trial court's summary judgment.

I. Background
¶ 2 On February 13, 1999, Presbyterian Hospital in Oklahoma City, Oklahoma, discharged Hathaway from an in-patient stay. When he left the hospital, Hathaway took the Gideon Bible from his hospital room. Two *742 security guards employed by Medical Research and Technology Authority, a state authority (State), detained Hathaway outside of the hospital and caused him to be arrested and taken to jail and also caused petty larceny charges to be filed against him. Hathaway remained in the Oklahoma County jail for about a month until the petty larceny charge was dismissed because Presbyterian Hospital did not own the Gideon Bible.
¶ 3 On January 11, 2000, Hathaway gave timely notice to the State of a tort claim stemming from the occurrence outside the hospital. On February 11, 2000, Hathaway filed an action against the State, the security guards and Presbyterian Hospital seeking damages for false arrest and imprisonment, malicious prosecution and intentional infliction of emotional distress. The State answered, responding affirmatively that: 1) the State was not negligent and therefore not liable; 2) the claim is barred or reduced by the Governmental Tort Claims Act; and, 3) the State is immune from liability under the Governmental Tort Claims Act.[1]
¶ 4 On February 21, 2001, the State moved for summary judgment asserting that Hathaway failed to comply with the Governmental Tort Claims Act. The State argued that it was entitled to judgment because Hathaway, after filing his action prematurely, failed to file a petition or amended petition within 180 days after his claim was denied. The trial court entered a summary judgment finding that Hathaway failed to file a petition or amended petition within the 180-day limitation period.
¶ 5 Hathaway appealed, asserting that his premature action ripened into a timely action after the denial of the claim because the State had been served with summons and filed an answer. The Court of Civil Appeals affirmed the summary judgment finding that 51 O.S.Supp.2000, § 157 clearly expresses an intent that an action may not be initiated against a governmental entity unless notice of the claim has been timely presented and the claim has been denied. It concluded that Hathaway's action was a nullity and accordingly did not ripen into a timely action. We previously granted certiorari.

II. Standard of Review
¶ 6 A summary judgment disposes solely of issues of law and therefore, it is reviewable by a de novo standard.[2] In a de novo review, we have plenary, independent and non-deferential authority to determine whether the trial court erred in its application of the law and whether there is any genuine issue of material fact.[3]

III. A governmental tort claims action initiated after timely notice of the claim but before the claim has been denied is premature.
¶ 7 In enacting The Governmental Tort Claims Act (GTCA), 51 O.S.2001, §§ 151, et seq.,[4] the Oklahoma Legislature extended "governmental accountability to all torts for which a private person or entity would be liable subject only to the act's specific `limitations and exceptions.'"[5] In waiving sovereign immunity, the Legislature restricted the waiver "only to the extent and in the manner prescribed in the act".[6] The GTCA prescribes the manner in which any person asserting a claim against the state or a political subdivision must proceed.
¶ 8 The GTCA requires a claimant to present written notice of a claim within one year from the date the loss occurs or the claim is forever barred.[7] Once notice of the *743 claim is timely presented, the GTCA provides the governmental entity with a 90-day period to consider the claim and either approve or deny it. The governmental entity may deny the claim by properly disallowing it or by failing to approve it in its entirety within the 90-day period.[8] The 90-day provision is clearly designed to require the governmental entity to act with reasonable dispatch on the claim thus preventing it from needlessly delaying the filing of an action by a claimant in the district court.[9]
¶ 9 However, the GTCA prohibits a claimant from initiating a tort action until the 90-day period expires unless the governmental entity acts upon the claim in a manner that denies the claim before the 90-day period expires. The first sentence in 51 O.S. 2001, § 157(A) reads: "A person may not initiate suit against the state or a political subdivision unless the claim has been denied in whole or in part." This prohibition serves the interest of the governmental entity by allowing it a specific period to consider and act upon the claim before the expense of a suit is imposed upon it. If a claimant presents a timely claim but commences an action before the 90-day period for determining the claim has expired, the action is premature.

IV. A premature governmental tort claims action is subject to dismissal.
¶ 10 A governmental entity may, by motion to dismiss, raise the issue of a premature filing as a plea in abatement. However, because a plea in abatement does not affect the merits of the action, dismissal is ordinarily without prejudice.[10] After dismissal, the claimant may refile the action[11] after the 90-day period expires and before the 180-day limitation expires.[12]
¶ 11 Hathaway argues his premature action ripened into a timely action when the 90-day period for determining the claim expired. In essence, he contends that after the 90-day period, his action was no longer subject to abatement by dismissal motion. We reject this contention. Like other statutes, the provision allowing a governmental entity a 90-day period to consider and act upon a claim should be applied to give effect to the legislative intent.[13] The Legislature clearly *744 intended that a governmental entity should have ninety days to consider a claim before the expense of an action is imposed upon it. If we accepted Hathaway's argument that premature actions should ripen into timely actions, we would, in effect, encourage premature governmental tort claims actions and completely frustrate the intent of the 90-day waiting period. Accordingly, a governmental tort claims action filed within the 90-day period provided in 51 O.S.2001, § 157(A) is subject to dismissal both before and after the 90-day period expires.[14]

V. This opinion settles a novel point of procedure and should be given prospective effect.
¶ 12 Although the result reached by the trial court, and affirmed by the Court of Civil Appeals, is consistent with the legislative intent of § 157(A), we decline to affirm the summary judgment. The terse language in the first sentence of § 157(A) does not adequately inform the practitioner who prematurely files a governmental tort claims action that the action is subject to dismissal even after the 90-day waiting period has expired. This novel point of procedure was not previously an established legal principle nor is there extant case law from which the legal principle could have been divined.
¶ 13 Because we pronounce a point of procedural law that stood unresolved at the filing of this governmental tort claims action, this opinion should be given prospective effect.[15] Accordingly, this opinion shall operate prospectively and apply only to those governmental tort claims actions filed after the date of the mandate in this case.

VI. Conclusion
¶ 14 A governmental tort claims action may not be initiated against a governmental entity unless a notice of claim has been timely presented and the claim has been denied. When a claimant initiates a governmental tort claims action before the claim has been denied, the action is premature and it is subject to dismissal both before and after the 90-day waiting period in § 157(A) has expired. After dismissal, the claimant may refile the action after the 90-day period expires and before the 180-day limitation in § 157(B) expires.
¶ 15 When as here, the dispositive rule of law on the point in controversy was far from settled, fundamental fairness requires that today's pronouncement be accorded purely prospective effect. It will apply only to those governmental tort claims actions filed after the date of the mandate in this case.
¶ 16 On certiorari granted upon appellant's petition, the Court of Civil Appeals' opinion is vacated, the trial court's judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with today's pronouncement.
*745 WATT, V.C.J., and HODGES, LAVENDER, SUMMERS, and WINCHESTER, JJ., concur.
KAUGER, J., (by separate writing and joining OPALA, J.) concurs in part and dissents in part.
HARGRAVE, C.J. and OPALA, J. (by separate writing) dissent.
OPALA, J., with whom KAUGER, J., joins, concurring in allowing the prematurely-filed claim to survive and dissenting from today's holding that breach of the no-suit time bar may be fatal to a claim.
¶ 1 The issue presented today is whether a prematurely-filed governmental tort action may ripen into a timely claim upon the expiration of the no-suit time bar. I concur in the result (that allows the claim's survival by giving prospective effect to the court's opinion), but dissent from the rationale that underlies today's pronouncement. The court correctly holds that this appellant's claim should go forward, but ignores the purpose and intent of the terms of 51 O.S.2001 § 157. Because I would hold that the no-suit time bar's violation by plaintiff's premature filing is never a legally tenable ground for an action's termination (by dismissal or summary disposition), I dissent from today's opinion.

I

THE LEGISLATIVE INTENT OF § 157 MILITATES AGAINST DISMISSAL OF A CLAIM FOR VIOLATION OF THE NO-SUIT TIME BAR.
¶ 2 By the provisions of the Governmental Tort Claims Act (GTCA), unless written notice of a claim is presented within one year from the date of loss the claim is forever barred.[1] "A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part."[2] The quoted provisions of § 157(A) may be called a "negative statute of limitations"a span during which no suit may be brought against a governmental entity.[3]As the court correctly notes, the legislative intent of § 157 is to afford the affected governmental entity an opportunity to investigate and review the claim to determine whether settlement or litigation is the better choice. The court overlooks this legislative purpose when it concludes that noncompliance with § 157's no-suit time bar is to be regarded as fatal to a claim.
¶ 3 Appellant conformed to the provisions of 51 O.S.2001 § 156 by giving the defendants notice. He then filed his claim before the ninety-day no-suit time bar ended. The state did not deny the noticed claim before the expiration of the statutory period. At this point, the law clearly allowed appellant 180 days to bring suit. According to appellant, his premature filing ripened into a timely action the moment the 90-day no-suit time bar came to an end, and nothing else was required.
¶ 4 The legislative intent of § 157 plainly supports appellant's position. As a "negative statute of limitations" the provision creates no more than a time period for the affected governmental entity to investigate a claim. The section is intended solely to delay the filing. The plaintiff's right to press the demand remains intact. Two conceptually distinct time bars are to be distinguished in this context: (1) an "ordinary" or "true" statute of limitations that regulates the time to bring an action and (2) a § 157 negative bar by which the state is afforded a temporary *746 shield from litigation's commencement.[4] Because the latter time bar does not inject a substantive element into the claim, its breach will not warrant the claim's judicial termination.[5] The only consequence of the plaintiff's premature filing is that the state may invoke an ex lege stay and stop all proceedings during the unexpired term of the time bar.

II

APPELLANT'S PREMATURE COMMENCEMENT, WHICH DID NOT FRUSTRATE THE PURPOSE OF § 157, RIPENED INTO A TIMELY FILING UPON THE EXPIRATION OF THE NO-SUIT TIME BAR
¶ 5 I counsel the court (a) that § 157 may not fatally affect the appellant's substantive right to prosecute the action and urge it (b) to hold that appellant's premature filing should be held to have ripenedby operation of lawinto a timely commencement of an action upon the expiration of the no-suit time bar. Although the actual filing was untimely, no proceedings took place during the unexpired period whose conduct might have harmed the affected governmental entity. The latter had ample opportunity and freedom to deny or settle the claim within the time allowed by law. In short, there is here no legal ground for using the provisions of § 157 as a mechanism for inflicting upon the appellant legal disability to pursue the litigation. The suit's prematurity does not carry collateral consequences. The negative statute the plaintiff breached is flexible. Its time bar "may be extended by tolling, waiver or estoppel."[6]
¶ 6 Public policy and evenhanded fairness dictate that in the present case the claim should have been considered as having ripened into a timely commencement upon the expiration of the no-suit time bar.[7] Ever since the collapse of the common law's writ regime, the Anglo-American legal system has stood committed to ridding itself of yesteryears's incrustation with an excessive dose of ritualistic formalism.[8] Today's holding is imprisoned in the adjective law's now-obsolete one-strike-and-you-are-out rigidity of the middle ages.[9]

III

SUMMARY
¶ 7 The provisions of 51 O.S.2001 § 157 erect a 90-day no-suit time bar which affords the affected governmental entity a temporary shield from litigation. Although the court recognizes the correct legislative intent of § 157, it does not analyze the issue before it in that light. I concur in the disposition, but dissent from the court's opinion. The plaintiff's breach of the no-suit time bar by premature filing may not fatally affect his right to press the suit. Its only adverse consequence is an ex lege stay that will stop trial court proceedings during the unexpired span of the no-suit time bar.
Appellant filed his claim before the expiration of the no-suit time bar. His filing neither impaired nor impeded the government's ability to evaluate the tort claim and no *747 interim nisi prius proceedings (with adverse consequences) came to be set in motion. The premature claim ripened into a timely filing upon the expiration of the 90-day no-suit time bar.
KAUGER, J., concurring in part and dissenting in part:
¶ 1 I agree with the majority that the appellant's, Eric W. Hathaway (Hathaway/individual), suit should be allowed to proceed against the appellee, State of Oklahoma ex rel. Oklahoma Medical Research & Technical Authority (Authority/governmental entity). Under the facts presentedwhere the Authority was given timely notice of the damages claim, failed to file either a motion to arrest or to dismiss the district court action, did not raise its affirmative defense in its untimely filed answer and only sought summary judgment outside the time limits when Hathaway could have cured his premature[1] filing, I dissent from the determination that the Legislature, which has specifically provided the procedural guidelines under which parties are to proceed in a governmental tort action, intended a premature filing under 51 O.S. Supp.1995 § 157(A) to bar an individual's suit when the governmental entity does not play by the specified rules.
¶ 2 Such a result is unsupported by: the mandatory language of 51 O.S.1991 § 164[2] making the procedural rules applicable to governmental tort claims; the requirement of 12 O.S.1991 § 2012(B)[3] providing that every defense must be asserted in the responsive pleading; the mandate of 12 O.S.1991 § 2008[4] to state any defense to a claim asserted and specifically listing the statute of limitations as an item which must be pled as an affirmative defense; our jurisprudence holding that the failure to plead the statute of limitations as an affirmative defense results in waiver of the issue;[5] and cases in which we have required that the claimant and the governmental entity alike comport with the law and procedure made applicable through 51 O.S.1991 § 164.[6] Further, the reasoning of the majority ignores one of the underlying purposes of the 90-day bar-of-suit provision of 51. O.S.1995 § 157to prevent the governmental entity from delaying action to the detriment of the claimant.[7] Here, it is apparent that the Authority engineered its answer and its motion for summary judgment in a manner not just to delay the action but[8] to avoid all liability based on a technicality. Our jurisprudence provides that the notice requirements of § 157 should be kept in mind and a construction prevented which defeats the ends of justice. The majority opinion falls fall short of this standard.
¶ 3 The majority takes the position that the only issue presented to the trial court or to this Court on certiorari is that of whether the premature petition "ripened" once the claim was deemed denied by the Authority. The assertion is unconvincing. The record on accelerated appeal contains the Authority's *748 motion for summary judgment and brief. Proposition one of the Authority's brief reads:

"THE PLAINTIFF IS TIME BARRED FROM BRINGING THIS ACTION AGAINST THE STATE OF OKLAHOMA, EX REL. MEDICAL RESEARCH & TECHNICAL AUTHORITY"
Further, the Authority relies upon the 180-day time limitation contained in 51 O.S. Supp.1997 § 157 in support of the proposition. Finally, the majority avoids the hard question of the State's role in the dismissal of this cause based on a narrow view of this Court's duty in deciding cases. This position ignores the fact that we are required under 12 O.S.2001 § 2201(A)[9] to take judicial notice of statutory law.

I.

¶ 4 THE AUTHORITY'S FAILURE TO CONFORM TO THE MANDATORY PROCEDURAL RULES[10] MADE APPLICABLE BY THE LEGISLATURE PURSUANT TO 51 O.S.1991 § 164 RESULTED IN A WAIVER OF THE STATUTE OF LIMITATIONS DEFENSE.
¶ 5 The Oklahoma Legislature codified the sovereign immunity policies and defined their parameters when it enacted the Governmental Tort Claims Act [Tort Claims Act], 51 O.S. Supp.1991 § 151, et seq. Governmental entities are liable pursuant to the Tort Claims Act for torts to the same extent as a private entity or individual.[11] Only where the Tort Claims Act provides specific limitations and exemptions are governmental entities excused from liability.[12] Extending immunity in a situation not specifically enumerated nullifies the intent and purpose of the Tort Claims Act.[13]
¶ 6 Title 51 O.S. Supp.1995 § 157[14] provides a claim is deemed denied if it is not *749 approved by the political subdivision in its entirety within 90 days after the claim is submitted. Once a valid notice of claim has been presented and the claim has been denied, a claimant has 180 days to commence a lawsuit. Under the statute, if a claim is neither denied, approved nor settled prior to the 90 days after notice is filed, the claim is deemed denied by operation of law[15] unless the date of denial is extended by written agreement.[16]
¶ 7 The Legislature has specifically prescribed the rules of engagement for litigants asserting and defending a governmental tort claim. Except to the extent that the laws, statutes and procedural rules may conflict with a specific provision of the Tort Claims Act, the Oklahoma law and the general rules of civil procedure apply. Section 164 of title 51 provides:
"The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as applicable and to the extent that such rules are not inconsistent with the provisions of this act, shall apply to and govern all actions brought under the provisions of this act." [Emphasis supplied.]
¶ 8 Title 12 O.S.1991 § 2012(B)[17] states that every defense to a claim for relief in any pleading shall be asserted in the responsive pleading thereto if required. Subsection A of the statute requires a defendant to serve an answer within 20 days of service. Although § 2012 lists a number of defenses which may be made by motion, the statute of limitations defense does not appear in the list. Further, the statute requires that any of the defenses which may be made by motion shall be made before pleading if a further pleading is permitted.
¶ 9 The Authority did not answer within the required 20 day period and, when it did answersome six months later, it failed to raise the limitations defense. Further, the language of § 2012 does not enumerate the statute of limitations as a defense which may be made by motion.[18] Even if the defense could have been presented by motion, the Authority did notas the statute plainly requirespresent the defense by motion before it filed its answer. Rather, the limitations defense appears for the first time in the Authority's motion for summary judgment filed over a year after Hathaway's petition and well outside the 180 day time frame of 51 O.S. Supp.1995 § 157 within which the claimant could have cured any perceived defect by amending the petition.
¶ 10 Title 12 O.S.1991 § 2008[19] provides that a party shall state in short and plain *750 terms any defense to a claim asserted. Further, the statute enumerates a number of defenses which the party shall set forth affirmatively. The statute of limitations is among those items specifically listed in the statute as an affirmative defense which must be set forth in a responsive pleading. Although it was certainly aware that Hathaway's suit was prematurehaving been filed within 30 days of when it received notice of Hathaway's claim, the Authority did not assert the limitations defense in its answer. Our case law makes it clear that its failure to do so operates as a waiver.[20]
¶ 11 Absent authority to do so, governmental entities normally may not waive the statute of limitations as a defense.[21] Generally, a state or governmental entity is not barred by the statute of limitations when it instigates an action. Nevertheless, where it has waived its immunity, the defense is unavailable if the sovereign stands in a defensive position.[22] Further, where the governmental entity places itself in the same position as an individual, the defense is waived.[23] Through the enactment of the Tort Claims Act, the Legislature has made governmental entities liable in tort to the same extent as an individual.[24] The waiver and the clear statement in 51 O.S.1991 § 164 that procedural rules apply to governmental tort claim actions prohibits the Authority from relying on the general rule that governmental entities may not waive a statute of limitations defense presented for the first time in the motion for summary judgment.
¶ 12 Title 51 O.S.1991 § 164 does not state that only claimants are bound by the state's procedural rules, anduntil todaythis Court has not applied it so. Individuals and governmental entities alike have been required to play by the procedural rules and Oklahoma law made applicable by the Legislature through § 164. In Lucas v. Independent Public School Dist. No. 35, 1983 OK 121 ¶ 7, 674 P.2d 1131,[25] the Court determined that a party injured in a collision with a school bus could not rely on the tolling provision of 12 O.S.1981 § 100[26] allowing the refiling *751 of an action within one year of a dismissal otherwise than on the merits where the plaintiff did not plead the tolling statute in her petition. In Cortright v. City of Oklahoma City, 1997 OK 158, ¶ 8, 951 P.2d 93, we refused to allow a governmental entity to avoid liability on a limitations argument where it had requested additional information following timely notice. In response to the request, the claimant's attorney set forth his understanding from dealings with the City's attorney/intern that the claim would not be considered rejected as a matter of law, even though the City did not act upon the claim within the statutorily prescribed 90-day time period. The Court determined that § 164 made the general rules relating to contract law applicable to a governmental tort claim. In so doing, we held that an express writing together with the government's implied acceptance of its conditions satisfied the necessity of a written agreement under 51 O.S. Supp.1995 § 157[27] to extend the statute of limitations during settlement negotiations.
¶ 13 Bentley v. Cleveland County Bd. of County Comm'rs, 41 F.3d 600, 604 (10th Cir.1994) is instructive.[28] In Bentley, the County Commissioners contended for the first time in a motion to alter or amend the judgment that an adverse ruling under the Oklahoma Governmental Tort Claims Act must be limited to the Tort Claims Act's $100,000.00 statutory cap.[29] The federal court disagreed. Although the County Commissioners asserted that the limit on immunity constituted a jurisdictional issue which could be raised at any time, the federal court determined that it was not the jurisdictional issue of sovereign immunity at issue but the statutory limit on liability. Moreover, the 10th circuit determined that under Rule 8 of the Federal Rules of Civil Procedure[30]  a rule which is substantially similar to 12 O.S. 1991 § 2008[31]  failure to plead the affirmative defense constituted a waiver.
*752 ¶ 14 The Bentley court found support for its holding in the equity of the situation. The opinion provides in pertinent part:
". . . Permitting the County to raise this issue at this stage of the proceedings would be extremely unfair to Bentley, who may have been able to prove some exception to the damage cap at trial if he had notice of the defense. Thus, assuming the GTCA applied to this action, counsel for the County waived any limit on its liability afforded by that statute by failing to raise the issue in its answer, the Pre-Trial Order, or at trial. . . ."
¶ 15 The majority's determination here that the Authority could manipulate the rules of civil procedure in a manner to avoid liability by failing to raise the limitations defense until well outside the 180 day statutory limit of 51 O.S. Supp.1995 § 157 is likewise unfair. Further, it does not comport with: the mandatory language of 51 O.S.1991 § 164 making the procedural rules applicable to governmental tort claims; the requirement of 12 O.S.1991 § 2012(B) requiring that every defense must be asserted in the responsive pleading; the mandate of 12 O.S.1991 § 2008 to state any defense to a claim asserted and specifically listing the statute of limitations as an item which must be pled as an affirmative defense; our jurisprudence holding that the failure to plead the statute of limitations as an affirmative defense results in waiver of the issue; or cases in which we have required that the claimant and the governmental entity alike comport with the law made applicable through 51 O.S.1991 § 164.

II.

¶ 16 A DETERMINATION THAT THE AUTHORITY MAY MANIPULATE PROCEDURE BY RAISING THE LIMITATIONS ISSUE WELL BEYOND THE STATUTORY LIMIT OF 180 DAYS TO AVOID LIABILITY DEFEATS THE PURPOSE OF THE 90-DAY BAR-OF-SUIT INTERVAL AND IGNORES EQUITABLE CONSIDERATIONS.
¶ 17 The 90-day period prescribed in § 157 is intended to provide the government with the opportunity for investigation and processing of tort claims undisturbed by forensic combat through litigation.[32] A legitimate state interest is furthered by a thorough pre-suit investigation to protect the public from unwarranted demands and to advance for settlement meritorious claims warranting pre-litigation negotiations.[33] Nevertheless, the notice requirements of the statute should be kept in mind and a construction prevented which defeats the ends of justice.[34] Equitable considerations are applicable in determining the legal effect of the time constraints outlined in 51 O.S. Supp.1995 § 157.[35] Further, the purpose of the 90-day period for a political subdivision to either approve or deny a claim benefits the plaintiff[36]  the *753 guarantee of a date certain for denial prevents the political subdivision from needlessly delaying the filing of suit.[37]
¶ 18 In Bivins v. State ex rel. Oklahoma Memorial Hospital, 1996 OK 5, ¶ 13-15, 917 P.2d 456, this Court acknowledged that the legislatively recognized need for a plaintiff's protection in a governmental tort claims action presents a public interest element worthy of judicial protection.[38]Bivins involved the effect that a governmental request for more information might have on the 90-day period for approval or denial of a claim. After having received notice of the claim, the governmental entity in Bivins requested more information. Suit was filed within 180 days of the date the additional information was requested but more than 180 days after the original notice was given. The governmental entity asserted that the limitations period ran from the original date notice was given rather than from the date on which the additional information was supplied. We determined in Bivins that the government could not, after having received timely notice of a claim, cavalierly dismiss the effect the request might have upon the then pending 90-day bar-of-suit interval.
¶ 19 In Bivins, the Court refused to allow what the majority does todaythe governmental entity to manipulate time limits established by the Tort Claims Act with the intention of barring a claim on a technicality where notice had been timely given. In so doing, we held that the 90-day bar-on-suit provision of 51 O.S. Supp.1995 § 157 began to run from the timely filing of a completed claim submitted after the governmental agency requests additional information.

CONCLUSION
¶ 20 It is undisputed that Hathaway's notice to the Authority was timely. Nevertheless, the governmental entity did not answer the prematurely filed district court action within the statutorily prescribed twenty days.[39] The Authority could have filed a motion to arrest the proceedings, noting the 90 day period for investigation provided by 51 O.S. Supp.1995 § 157, thus preserving its right to proceed unhampered by forensic contest.[40] It did not, nor did it file a motion *754 to dismiss. Rather, its answer was filed some five months later. When it did respond, it did notas 12 O.S.1991 § 2008[41] requiresraise the limitations issue as an affirmative defense.[42] An omission which this Court has determined results in a waiver of the defense.[43] Rather, it raised the defense for the first time in its motion for summary judgment filed on July 21, 2001 more than a year after the initial petition and well outside the 180 day time constraint imposed on the claimant for filing a district court action once the claim was deemed denied. Only at this juncturewhen it was too late for Hathaway to cure the premature petition[44] by filing a new action or by amending his pleading, did the Authority raise the statute of limitations defense. A maneuver clearly engineered to avoid liability on a technicality.
¶ 21 The waiver of sovereign immunity is not a blue sky of limitless liability. Nevertheless, the Tort Claims Act it is not to be construed as a black hole enveloping the waiver.[45] Litigating a claim under the Tort Claims Act has been previously described as "just a stroll through the briar patch."[46] Most certainly, Peter Rabit is feeling the thorns represented by the majority's willingness to allow the state's manipulation of procedure to avoid liability.
NOTES
[1] The State did not seek dismissal of the action in its answer filed July 10, 2000.
[2] Manley v. Brown, 1999 OK 79, 989 P.2d 448, 455; Neil Acquisition, LLC v. Wingrod Investment Corp., 1996 OK 125, ¶ 5, 932 P.2d 1100.
[3] Kluver v. Weatherford Hospital Authority, 1993 OK 85, 859 P.2d 1081, 1084.
[4] This opinion references the most recent version of The Governmental Tort Claims Act unless an earlier version is applicable.
[5] Anderson v. Eichner, 1994 OK 136, ¶ 9, 890 P.2d 1329, 1336; and 51 O.S.1991, § 153(A).
[6] 51 O.S.2001, § 152.1(B).
[7] 51 O.S.2001, § 156(B) reads:

B. Claims against the state or a political subdivision are to be presented within one (1) year of the date the loss occurs. A claim against the state or a political subdivision shall be forever barred unless notice thereof is presented within one (1) year after the loss occurs.
[8] 51 O.S.2001, § 157(A) reads, in part:

. . . A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period.
[9] Trent v. Board of County Commissioners of Johnston County, 1988 OK 15, 755 P.2d 615, 619. Even though the 90-day period inures to the benefit of the claimant, it has been characterized as a negative statute of limitation that affects the claimant's statutory remedy but not the substantive right to recover. Id. at 620, dissenting opinion by Opala, J. According to the plain terms of 51 O.S.2001, § 157, the 90-day period may be extended by written agreement between the claimant and the governmental entity and our case law teaches that the 90-day period may be extended by tolling, waiver or estoppel. Carswell v. Oklahoma State Univ., 1999 OK 102, ¶ 13, 995 P.2d 1118, 1122; Vaughan v. City of Broken Arrow, 1999 OK 47, ¶ 7, 981 P.2d 316, 320; Cortright v. City of Oklahoma City, 1997 OK 158, ¶ 9, 951 P.2d 93, 96; and Whitley v. Oologah Independent School Dist., No. I-4, 1987 OK 67, ¶ 6, 741 P.2d 455.
[10] Dean v. Wes Watkins Area Vocational-Technical School Dist., No. 25, 1989 OK 141, ¶ 9, 782 P.2d 116, 119. See also, State for use of Board of County Commissioners of Pontotoc County ex rel. Braly v. Ford, 1941 OK 270, ¶ 25-27, 189 Okl. 299, 116 P.2d 988, 992, quoting 1 C.J.S., Abatement and Revival, 29, § 2, that "`Even under the strict rules of the common law, the abatement of an action is not fatal to the cause of action; the customary procedure used to bring about an abatement was not designed to operate upon any substantial rights or liabilities as between the parties.'"
[11] Dismissal of a premature action abates the action, but the right remains with the plaintiff to institute a new action when the cause accrues. State for use of Board of County Commissioners of Pontotoc County ex rel. Braly v. Ford, supra., note 10.
[12] 51 O.S.2001, § 157(B) reads in part:

B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. . . .
[13] The plain language of § 157(A) of the GTCA reflects the legislative intent that a claimant must allow the governmental entity ninety days to act upon a timely notice of claim before bringing a governmental tort claims action and no further construction is required or permitted. Duncan v. City of Nichols Hills, 1996 OK 16, ¶ 15, 913 P.2d 1303, 1307.
[14] The concurring in part and dissenting in part opinion essentially concludes that the State waived the affirmative defense of statute of limitations by failing to raise it in its filed answer. Hathaway presented but one argument in this appeal. He contended that his premature suit against the State ripened when his timely filed tort claim was deemed denied by operation of law and that it was unnecessary for him to re-file or amend his petition. Hathaway did not contend that the State waived the affirmative defense of statute of limitations in his response to the summary judgment, in his petition in error or in his petition for certiorari.

In Reddell v. Johnson, 1997 OK 86, ¶¶ 6-7, 942 P.2d 200, 202, we said,
An appellate court is generally confined to the issues raised by the parties and presented by the proof, pleadings, petition in error and briefs. . . .
. . . (C)ourts are not free to play the role of advocate, and raise claims or defenses that should be left to the parties. . . . [The] court cannot raise the defense of waiver when it was not raised by the party who could have done so. . . .
The individualized question of whether a litigant has, during the course of litigation, waived its procedural right to assert an affirmative defense is not an issue which relates to the public interest and may be raised for the first time on appeal.
[15] McDaneld v. Lynn Hickey Dodge, Inc., 1999 OK 30, ¶¶ 11-12, 979 P.2d 252, 256-257; Isbell v. State ex rel. The Retirement and Pension Board of the Department of Public Safety, 1979 OK 156, ¶ 11, 603 P.2d 758, 760; Poafpybitty v. Skelly Oil Company, 1964 OK 162, ¶¶ 18-19, 394 P.2d 515, 519-520.
[1] 51 O.S.2001 § 156(B).
[2] 51 O.S.2001 § 157(A) states that:

"A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period..."
51 O.S.2001 § 157(B) provides that:
"No action for any cause arising under this act, Section 151 et. seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in the section..."
[3] Trent v. Board of Commissioners of Johnston County, 1988 OK 15, ¶ 6, 755 P.2d 615 (Opala, J., dissenting).
[4] Whitley v. Oologah Independent School District, 741 P.2d 455, 457 (1987) (Opala, J., concurring).
[5] Some authority seems to suggest that prematurely filing a claim before the expiration of the no-suit bar will be fatal. In Johnston v. City of Seattle, 95 Wash.App. 770, 976 P.2d 1269 (1999), the Washington Court of Appeals, Division I, held that a claim prematurely filed before the expiration of the sixty-day no-suit time bar was subject to judicial termination.
[6] Trent v. Board of Commissioners of Johnston County, 1988 OK 15, ¶ 6, 755 P.2d 615 (Opala, J., dissenting).
[7] Bivins v. State ex rel. Oklahoma Memorial Hospital 917 P.2d 456 (1996). (holding that the governmental entity's request for more information extended the 90-day no-suit time bar.)
[8] City of Tahlequah v. Lake Region Elec., 2002 OK 2, 47 P.3d 467 (Opala, J., dissenting).
[9] Recent Oklahoma legislation explicitly prevents judicial punishment of premature filings by making them effective either temporarily or forever. 12 O.S.2001 § 653; 12 O.S.2001 § 990A; Cf. Porter v. Tayer, 385 P.2d 808 (1963); (holding that a motion for new trial, prematurely filed before the court's pronouncement of final judgment, does not preserve for review any assignments of error).
[1] In the instant cause, the term "premature" is used in the sense that the cause was filed too early, i.e. before the 90-day investigative period provided in 51 O.S. Supp.1995 § 157(A), see note 14, infra, had run. See, Chas. L. Harney, Inc. v. State, 217 Cal.App.2d 77, 31 Cal.Rptr. 524 (1963); Webster's New International Dictionary of the English Language 1950 (2dEd.1961).
[2] Title 51 O.S.1991 § 164 provides:

"The laws and statutes of the State of Oklahoma and the Rules of Civil Procedure, as promulgated and adopted by the Supreme Court of Oklahoma insofar as applicable and to the extent that such rules are not inconsistent with the provisions of this act, shall apply to and govern all actions brought under the provisions of this act."
[3] Title 12 O.S.1991 § 2012(B), see note 17, infra.
[4] Title 12 O.S.1991 § 2008, see note 19, infra.
[5] Furr v. Thomas, see note 19, infra, and its discussion of 12 O.S.1991 § 2008(C), note 19, infra.
[6] Lucas v. Independent Public School Dist. No. 35, see note 25, infra; Cortright v. City of Oklahoma City, 1997 OK 158, ¶ 8, 951 P.2d 93.
[7] Carswell v. Oklahoma State Univ., see note 36, infra; Doe v. Independent School Dist. No. I-89, see note 37, infra; Trent v. Board of County Comm'rs, see note 37, infra.
[8] Reirdon v. Wilburton Bd. of Educ., see note 34, infra; Conway v. Ohio Casualty Ins. Co., see note 33, infra.
[9] Title 12 O.S.1991 § 2201 provides in pertinent part:

"A. Judicial notice shall be taken by the court of the common law, constitutions and public statues in force in every state, territory and jurisdiction of the United States. . . ."
[10] It is notable that 51 O.S.1991 § 164, see note 2, supra, provides that the rules of civil procedure "shall apply" to governmental tort claims and that the applicable rules, 12 O.S.1991 § 2012, see note 17, infra, and 12 O.S.1991 § 2008, see note 19, infra, both use the mandatory term "shall." The use of "shall" generally signifies a legislative command. World Pub. Co. v. White, 2001 OK 48, ¶ 7, 32 P.3d 835; United States through Farmers Home Admin. v. Hobbs, 1996 OK 77, ¶ 7, 921 P.2d 338; State ex rel. Macy v. Freeman, 1991 OK 59, ¶ 8, 814 P.2d 147; Forest Oil Corp. v. Corp. Comm'n, 1990 OK 58, ¶ 26, 807 P.2d 774. Nevertheless, the term can be permissive. Minie v. Hudson, 1997 OK 26, ¶ 7, 934 P.2d 1082; Texaco, Inc. v. City of Oklahoma City, 1980 OK 169, ¶ 9, 619 P.2d 869. Nevertheless, failure to follow the directives of pleading a defense result in its waiver. Title 12 O.S.1991 § 2008(C), see note 18, infra; Furr v. Thomas, see note 20, infra.
[11] Title 51 O.S.1991 § 153; Salazar v. City of Oklahoma City, 1999 OK 20, ¶ 19, 976 P.2d 1056.
[12] Salazar v. City of Oklahoma City, see note 11, supra. See, 51 O.S. Supp.2001 § 155.
[13] Anderson v. Eichner, 1994 OK 136, ¶¶ 9-10, 890 P.2d 1329.
[14] Title 51 O.S. Supp.1995 § 157 provides:

"A. A person may not initiate a suit against the state or a political subdivision unless the claim has been denied in whole or in part. A claim is deemed denied if the state or political subdivision fails to approve the claim in its entirety within ninety (90) days, unless the state or political subdivision has denied the claim or reached a settlement with the claimant before the expiration of that period. If the state or a political subdivision approves or denies the claim in ninety (90) days or less, the state or political subdivision shall give notice within five (5) days of such action to the claimant at the address listed in the claim. If the state or political subdivision fails to give the notice required by this subsection, the period for commencement of an action in subsection B of this section shall not begin until the expiration of the ninety-day period for approval. The claimant and the state or political subdivision may continue attempts to settle a claim, however, settlement negotiations do not extend the date of denial unless agreed to in writing by the claimant and the state or political subdivision.
B. No action for any cause arising under this act, Section 151 et seq. of this title, shall be maintained unless valid notice has been given and the action is commenced within one hundred eighty (180) days after denial of the claim as set forth in this section. The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for the purpose of continuing to attempt settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss."
[15] Title 51 O.S. Supp.1995 § 157, see note 14, supra.
[16] Carswell v. Oklahoma State Univ., 1999 OK 102, ¶ 12, 995 P.2d 1118; Vaughan v. City of Broken Arrow, 1999 OK 47, ¶ 7, 981 P.2d 316.
[17] Title 12 O.S.1991 § 2012 provides in pertinent part:

"A. WHEN PRESENTED. A defendant shall serve his answer within twenty (20) days after the service of the summons and petition upon him, except as otherwise provided by the law of this state. . . .
B. HOW PRESENTED. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
1. Lack of jurisdiction over the subject matter;
2. Lack of jurisdiction over the person;
3. Improper venue;
4. Insufficiency of process;
5. Insufficiency of service of process;
6. Failure to state a claim upon which relief can be granted;
7. Failure to join a party under Section 19 of this act;
8. Another action pending between the same parties for the same claim;
9. Lack of capacity of a party to be sued; and
10. Lack of capacity of a party to sue.
A motion making any of these defenses shall be made before pleading if a further pleading is permitted. . . ."
Section 2012 was amended effective November 1, 2000. However, the above quoted language remains substantially unchanged.
[18] Title 12 O.S. 1991-2012, see note 17, supra; Cortright v. City of Oklahoma City, 1997 OK 158, ¶ 4, 951 P.2d 93.
[19] Title 12 O.S.1991 § 2008 provides in pertinent part:

". . . B. DEFENSES; FORM OF DENIALS. A party shall state in short and plain terms his defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. . . .
C. AFFIRMATIVE DEFENSES. In a pleading to a preceding pleading, a party shall set forth affirmatively:
. . . 18. Statute of limitations . . ."
[20] Failure to plead the statute of limitations operates as a waiver. Title 12 O.S.1991 § 2008(C), note 19, supra; Furr v. Thomas, 1991 OK 93, ¶ 23, 817 P.2d 1268. The justice of a rule precluding a defendant's reliance on an affirmative defense not specifically pleaded is apparent. An affirmative defense is one which directly or implicitly concedes the basic position of the opposing party, but which asserts that notwithstanding that concession the opponent is not entitled to prevail because the plaintiff is precluded for some other reason. Thus, a plaintiff would not necessarily (and, indeed, probably would not) be on notice that a defendant is relying on an affirmative defense from a simple denial of the plaintiff's claims. Such notice is obviously important because even though the defendant would normally have the burden of production and persuasion on his affirmative defense, the plaintiff would have to produce rebuttal evidence pertaining to the defenses. Liberty Mut. Ins. Co. v. Ben Lewis Plumbing, Heating & Air Conditioning, Inc., 121 Md.App. 467, 710 A.2d 338, 343 (1998), cert. granted, 351 Md. 161, 717 A.2d 384 (1998), aff'd, 354 Md. 452, 731 A.2d 904 (1999).
[21] Finn v. United States, 123 U.S. 227, 8 S.Ct. 82, 31 L.Ed. 128 (1887); Nordman v. School Dist. No. 43, 1941 OK 327 ¶ 10, 121 P.2d 290.
[22] See, State ex rel. Central Collection Unit v. DLD Assoc. Ltd. Partnership, 112 Md.App. 502, 685 A.2d 873, 877-78 (1996).
[23] State v. Evans, 47 Tenn.App. 1, 334 S.W.2d 337, 343 (1959). See also, Karterman v. Unknown Heirs, Devisees, Successors in Interest & Claimants, 127 Idaho 384, 901 P.2d 491, 493 (1995).
[24] Title 51 O.S.1991 § 153; Salazar v. City of Oklahoma City, see note 11, supra.
[25] Lucas v. Independent Public School Dist. No. 35, 1983 OK 121, ¶ 7, 674 P.2d 1131, has been superseded by statute only to the extent that it stands for the proposition that notice provisions may be satisfied through substantial compliance. Minie v. Hudson, 1997 OK 26, ¶ 6, 934 P.2d 1082. Here, neither the manner nor the timeliness of the notice is at issue.
[26] Title 12 O.S.1991 § 100 provides:

"If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.
The statute has not been revised or amended subsequent to our decision in Lucas v. Independent Public School Dist. No. 35, see note 25, supra. Therefore, reference is to the current version.
[27] Title 51 O.S. Supp.1995 § 157(B) provides in pertinent part:

". . . The claimant and the state or political subdivision may agree in writing to extend the time to commence an action for the purpose of continuing to attempt settlement of the claim except no such extension shall be for longer than two (2) years from the date of the loss."
[28] When federal rules of civil procedure are similar to this state's procedural provisions, federal jurisprudence is instructive in interpreting the Oklahoma provision. Payne v. Dewitt, 1999 OK 93, ¶ 8, 995 P.2d 1088; McDaneld v. Lynn Hickey Dodge, Inc., 1999 OK 30, ¶ 7, 979 P.2d 252. See also, In re Burlington Motor Holdings Inc., 242 B.R. 156, 158 (Bkrtcy.D.Del. 1999) [Sovereign immunity did not go to subject matter jurisdiction of bankruptcy court, but was in nature of affirmative defense to post-petition transfer claims, which entities waived by filing proofs of claim against debtors' estate.]; Sanderson-Cruz v. United States, 88 F.Supp.2d 388, 392 (E.D.Penn.2000) [Issue of whether state statute limiting liability of defendant is affirmative defense that must be timely pled does not become jurisdictional prerequisite merely because defendant is United States and is being sued under Federal Tort Claims Act.].
[29] Title 51 O.S. Supp.1988 § 154(A)(2) provides in pertinent part:

"A. The total liability of the state and its political subdivisions on claims within the scope of this act, Section 151 et seq. of this title, arising out of an accident or occurrence happening after the effective date of this act, Section 151 et seq. of this title, shall not exceed:
. . . 2. One Hundred Thousand Dollars ($100,000.00) to any claimant for his claim for any other loss arising out of a single act, accident, or occurrence. . . ."
The statute has been amended and the cap for an award arising from a single accident now stands at $125,000.00. 51 O.S. Supp.2000 § 154(A)(2).
[30] Fed.R.Civ.P. 8 provides in pertinent part:

". . . (b) Defenses; Form of Denials. A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. . . .
(c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively. . . any other matter constituting an avoidance or affirmative defense. . . .
(d) Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. . . ." [Emphasis in original.]
[31] Title 12 O.S.1991 § 2008, see note 19, supra.
[32] Bivins v. State ex rel. Oklahoma Memorial Hosp., 1996 OK 5, ¶ 12, 917 P.2d 456.
[33] See, Bivins v. State ex rel. Oklahoma Memorial Hosp., note 32 at ¶ 13, supra; Reirdon v. Wilburton Bd. of Educ., 1980 OK 67, ¶ 4, 611 P.2d 239; Conway v. Ohio Casualty Ins. Co., 1983 OK 83, ¶ 7, 669 P.2d 766. These cases have been superseded by statute to the extent that substantial compliance through something other than a written notification to the political subdivision is sufficient to put the governmental entity on notice. Minie v. Hudson, see note 25, supra. However, here neither the manner nor the timeliness of the notice is at issue.
[34] Reirdon v. Wilburton Bd. of Educ., see note 33, supra; Conway v. Ohio Casualty Ins. Co., see note 33, supra.
[35] Carswell v. Oklahoma State Univ., see note 36, infra [Equitable considerations taken into effect when State provided a date certain for denial outside the strict 90-day time limitation provided in the Tort Claim Act.]; Cortright v. City of Oklahoma City, 1997 OK 158, ¶ 9, 951 P.2d 93 [Attorney's letter sent to city memorializing an understanding that city would not consider tort claim denied by operation of law after 90 days and that city docketed claim for consideration by city council after initial 90-day period had run without repudiating alleged agreement raised issue of material fact as to when 180-day limitations period began.]; Jarvis v. City of Stillwater, 1987 OK 5, ¶ 5, 732 P.2d 470 [City's letter requesting information and mentioning investigation of claim was insufficient to estop political subdivision from asserting time bar under Tort Claims Act.].
[36] Carswell v. Oklahoma State Univ., 1999 OK 102, ¶ 21, 995 P.2d 1118.
[37] Carswell v. Oklahoma State Univ., see note 36, supra; Doe v. Independent School Dist. No. I-89, 1988 OK 115, ¶ 10, 780 P.2d 659; Trent v. Board of County Comm'rs, 1988 OK 15, ¶ 10, 755 P.2d 615.
[38] Carswell v. Oklahoma State Univ., see note 36, supra.
[39] Title 12 O.S.1991 § 2012, see note 17, supra.
[40] An arrest of proceedings need not be based on the absence of judicial power to determine an issue. Rather, it is a tool which may be used to prevent the filing of suit from interfering with the administrative process. See, State ex rel. Oklahoma Dept. of Mines v. Jackson, 1997 OK 149, ¶ 7, 950 P.2d 306. The doctrine of abatement is rooted in notions of judicial economy, offering courts an opportunity to maintain a narrow focus on matters currently at issue, while preserving premature issues for future review if and when such issues become viable causes of action. The preservation of issues serves the dual purpose of empowering courts to heighten adjudicative efficiency and avoiding unnecessary repetition in filing or other waste of limited private resources. At the same time, increased judicial efficiency offers a valuable secondary benefit in the form of greater public confidence in the judiciary. O'Rourke v. Provident Life & Accident Ins. Co., 48 F.Supp.2d 1383, 1384-85 (S.D.Florida 1999). The Authority might also have requested dismissal. However, in furtherance of judicial economy, abatement is frequently preferable over dismissal as a means of postponing the adjudication of issues that have not yet become viable. O'Rourke v. Provident Life & Accident Ins. Co., this note, supra. Where the rejection of a claim is a prerequisite to suit, the claim may go forward as a viable cause of action upon rejection. Chas. L. Harney, Inc. v. State, this note, supra. See also, People v. Ladd, 185 Ill.2d 602, 236 Ill.Dec. 773, 708 N.E.2d 359, 363 (1999), appeal allowed, 178 Ill.2d 588, 232 Ill.Dec. 850, 699 N.E.2d 1035 (1998), aff'd, 185 Ill.2d 602, 236 Ill.Dec. 773, 708 N.E.2d 359 (1999) [Motions premature when filed may become meritorious motions.]. To the contrary, see, Melcher v. Federal Communications Comm'n, 134 F.3d 1143, 1162 (C.A.D.C. 1998). The fact that a statutory scheme may place the authority for a determination in one arena, i.e. a governmental agency rather than the district court, does not necessarily negate the district courts jurisdiction to determine an issue related to the controversy. See, City of Muskogee v. Martin, 1990 OK 70, ¶ 22, 796 P.2d 337. Further, sovereign immunity does not go to subject matter jurisdiction. Rather, it is an affirmative defense which may be waived. See, In re Burlington Motor Holdings, Inc., 242 B.R. 156, 158 (1999).
[41] Title 12 O.S.1991 § 2008, see note 19, supra.
[42] The Authority did enumerate a number of items as affirmative defenses. The Authority's Answer, filed on July 10, 2000, provides in pertinent part:

". . . AFFIRMATIVE DEFENSES
16. The Plaintiff was detained by the security officers only to determine if he had reason to be at the Hospital.
17. The Plaintiff was arrested by Officer Mark Ingram UHAPD.
18. The State of Oklahoma was not negligent, and the state is therefore not liable in the incident alleged.
19. The Governmental Tort Claims Act, OKLA.STAT. tit. 51 § 151 et seq., bars or reduces Plaintiff's claims.
20. The Governmental Tort Claims Act, OKLA. STAT. tit. 51 § 151 et seq., provides immunity from this action.
21. Defendant State of Oklahoma reserves the right to assert additional defenses as the [sic] become apparent in the course of discovery herein. . . ."
[43] Furr v. Thomas, see note 20, supra.
[44] Ceasar v. City of Tulsa, 1993 OK CIV APP 150, ¶ 6, 861 P.2d 349. In Ceasar, the Court of Civil Appeals determined that a prematurely filed governmental tort claims suit was cured when the petition was amended within 180 days of the claim's denial. The case does not stand for the broad proposition, as the Authority contends, that a prematurely filed cause may only be cured through the filing of an amended petition. Even if the opinion were construed to have a broader application, Court of Civil Appeals opinions not ordered for publication by this Court are persuasive only and have no precedential effect. Rule 1.200, Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App. 1.
[45] Nguyen v. State, 1990 OK 21, ¶ 4, 788 P.2d 962.
[46] R. Eddy, "Litigating a claim under the Governmental Tort Claims Act: Just a stroll through the briar patch," 65 Okla.B.J. 4301 (1994).