2002 UT 70

**Brent D. YOUNG, Plaintiff and Appellee,**

v.

**SALT LAKE COUNTY and Aaron D. Kennard, Salt Lake County Sheriff, Defendants and Appellants.**

Nos. 20010101, 20010294.

Supreme Court of Utah.

July 23, 2002.

Valerie Wilde, David E. Yocom, Salt Lake City, for defendants.

Blake Nakamura, Salt Lake City, for plaintiff.

WILKINS, Justice:

¶ 1 Salt Lake County ("County") appeals the district court's grant of summary judgment in favor of Brent D. Young ("Young") requiring the County to disclose disciplinary records and investigative files. We affirm in part and reverse in part.

## BACKGROUND

¶ 2 Young was employed by the Salt Lake County Sheriff's Department ("Sheriff's Department") as a deputy sheriff. Young's employment was terminated on January 14, 2000, allegedly for an incident involving use of his firearm and sexual innuendo. Young appealed his termination to the Sheriff's Department Merit Commission. In preparation for the appeal, Young requested that the County provide him with, among other records, copies of disciplinary records of other deputies who had been investigated and/or disciplined for similar conduct.

¶ 3 The County denied Young's request for records. Pursuant to statute and the County's instructions, Young appealed this denial to the Salt Lake County Sheriff on March 28, 2000. On April 20, 2000, the Sheriff denied Young's appeal. On May 16, 2000, Young filed a complaint with the third district court seeking judicial review· of the Sheriff's denial of his appeal. The parties filed cross-motions for summary judgment. On November 1, 2000, the district court entered an order granting Young's motion for summary judgment, concluding that (1) Young's request for judicial review was timely, (2) Young had a due process right in the requested information, and (3) Young's right to the information was not outweighed by the privacy interests of third parties. In so doing, it ordered the County to disclose "the disciplinary records and investigative files of any sworn member of the Salt Lake County Sheriff's Department where the conduct investigated concerned the inappropriate use or handling of a firearm or inappropriate sexual conduct, both verbal or physical," and allowed the County to make appropriate redactions in the records to prevent the disclosure of the parties' identities. The County filed a notice of appeal on November 13, 2000.

¶ 4 Shortly thereafter, the County voluntarily withdrew its appeal to pursue the resolution of an attorney fees issue with the district court. The district court ultimately decided the attorney fee issue in favor of the County and entered an amended final order on March 9, 2001, which the County appealed to this court on March 13, 2001. Young filed a motion for summary disposition with this court, arguing that the County's appeal was untimely, rendering the court without jurisdiction to hear the appeal.[1]

## ISSUES PRESENTED & STANDARD OF REVIEW

¶ 5 The County's challenge to the district court's grant of summary judgment is founded on two primary issues: (1) whether Young's petition for judicial review of the Sheriff's decision was timely filed with the district court and (2) whether the district court was within its authority to order that the requested records be released. Young additionally argues that he should be awarded attorney fees for defending this appeal. We review the district court's grant of summary judgment for correctness, *e.g.*, *Sur. Underwriters v. E & C Trucking, Inc.*, 2000 UT 71, ¶ 14, 10 P.3d 338, and address each issue in turn.

## ANALYSIS

### I. TIMELINESS OF YOUNG'S PETITION FOR JUDICIAL REVIEW

¶ 6 Sections 63–2–401 through –405 of the Utah Code govern the appeals process for records requests under the Government Records Access and Management Act ("GRAMA"). Under the GRAMA statutory scheme, prior to seeking judicial review of a governmental entity's decision regarding records access, a requester must first file a notice of appeal with the chief administrative officer of the governmental entity. Utah Code Ann. § 63–2–401(1)(a) (1997). In cases such as Young's, the chief administrative officer has five days to make a determination on the appeal. § 63–2–401(5)(a). Failure to make a determination within five days "shall be considered the equivalent of an order denying the appeal." § 63–2–401(5)(b). Once the chief administrative officer has denied an appeal, the requester may appeal the denial to the records committee or petition a district court for judicial review. § 63–2–402(1). If the requester chooses to pursue judicial review, he or she must comply with section 63–2–404, which establishes the parameters

---

1. We deferred ruling on Young's motion for summary disposition and now deny the motion. Young's motion is based on confusion caused by his sending a document titled "Notice of Claim for Attorney Fees" to the County. This claim was stylized as a pleading, *see* Utah R. Civ. P. 10, was served on the County, and resulted in the County's voluntary dismissal of its appeal. More importantly, both parties sought action by the district court on the issues related to the claim for attorney fees and the district court acted on those requests. As such, we see no abuse of discretion in the district court's decision to adjudicate the issue of attorney fees. The County has timely appealed the district court's amended ruling within the thirty-day time period mandated by Utah Rule of Appellate Procedure 4(a).

under which a district court may review a governmental entity's decision to release or not release records. Of particular relevance here, section 63–2–404(2)(b) states that

> [t]he requester shall file a petition no later than:
>
>> (i) 30 days after the governmental entity has responded to the records request by either providing the requested records or denying the request in whole or in part;
>>
>> (ii) 35 days after the original request if the governmental entity failed to respond to the request; or
>>
>> (iii) 45 days after the original request for records if:
>>
>>> (A) the circumstances described in Subsection 63–2–401(1)(b) occur; and
>>>
>>> (B) the chief administrative officer failed to make a determination under Section 63–2–401.

§ 63–2–404(2)(b).

¶ 7 Pursuant to GRAMA, Young appealed the denial of his records request to the chief administrative officer of the Salt Lake County Sheriff's Department, the Salt Lake County Sheriff, on March 28, 2000. The Sheriff denied Young's appeal in a letter dated April 20, 2000, and on May 16, 2000, Young filed a complaint seeking review by the district court of the Sheriff's denial.

¶ 8 The County argues that Young's petition for judicial review was not timely filed with the district court, rendering that court without jurisdiction to adjudicate the GRAMA issue. Specifically, the County points out that the Sheriff did not respond to Young's March 28, 2000, request within the five-day time period it argues is required under section 63–2–401(5)(a)(i). Thus, the County asserts, Young's request was deemed denied under section 63–2–401(5)(b), and, pursuant to section 63–2–404(2)(b)(ii), Young had thirty-five days from the date of his March 28, 2000, request to petition the district court for review. The County would therefore have us hold that Young's petition, filed on May 16, 2000—more than thirty-five days after the March 28 request—was untimely. We do not agree with the County's reading of GRAMA.

¶ 9 Whether or not Young's appeal for review by the Sheriff was deemed denied by virtue of the Sheriff's failure to respond within five days is irrelevant in this particular case. The fact that the Sheriff did respond to Young's request enabled Young to file a petition for judicial review within thirty days from that response. *See* § 63–2–404(2)(b)(i). We so hold based on our reading of the plain language of section 63–2–404(2)(b) which, by including the word "or" between the three alternative time periods for filing, clearly allows any of the three alternatives to govern if applicable in a particular case.

¶ 10 Our reasoning here is similar to that in *Harper Investments, Inc. v. Auditing Division, Utah State Tax Commission*, 868 P.2d 813 (1994). In *Harper Investments*, the Harper Companies sought judicial review of a Tax Commission decision under a statute allowing judicial review, provided the review was sought within thirty days of a final decision. *Id.* at 815; *see* § 63–46b–14(3)(a). Before seeking judicial review, however, the Harper Companies filed a petition for reconsideration pursuant to statute with the Tax Commission on May 4, 1992. *Harper Investments*, 868 P.2d at 815; *see* § 63–46b–13(1)(a); *see also* § 63–46b–1(9). In spite of the fact that the relevant statute provided that petitions for reconsideration were "considered to be denied" if the Tax Commission did not respond within twenty days, *see* § 63–46b–13(3)(b), the Tax Commission denied the petition on June 3, 1992, more than twenty days later. *Harper Investments*, 868 P.2d at 815. The Harper Companies sought judicial review on July 1, 1992. *Id.* The Tax Commission argued that "the thirty-day period for seeking judicial review began to run on May 25, 1992, twenty days from the day on which the Harper Companies petitioned for reconsideration." *Id.* In holding that the Harper Companies' petition was timely, we explained:

> When the Harper Companies chose not to file their petition for review within the twenty-day period, they assumed the risk that there would be no order from the Commission. They would have missed the deadline if the Commission had never is-

sued its final decision of June 3, 1992. However, because the Commission chose to consider the petition for reconsideration and to act on it by issuing an order, the period for seeking review did not begin to run until the date of that final opinion. As a result, once the order was issued, the Harper Companies had an additional thirty days to file, and they did so.

*Id.* at 816.

¶ 11 Likewise, by not filing a petition for judicial review within the thirty-five-day period required by section 63–2–404(2)(b)(ii), Young assumed the risk that the Sheriff would not respond to his request. Had the Sheriff not responded, Young's request would have been deemed denied, § 63–2–401(5)(b), and Young would have had thirty-five days from the date of his original request to the Sheriff to file a petition. § 63–2–404(2)(b)(ii). Because, however, the Sheriff chose to respond to Young's request,[2] Young had thirty days from the date of the response to file a petition. § 63–2–404(2)(b)(i). Young's petition—filed within thirty days after the Sheriff's response—is therefore timely, and we conclude the district court had jurisdiction over the petition.

## II. AUTHORITY OF DISTRICT COURT TO ORDER RELEASE OF RECORDS

■ ¶ 12 The district court concluded that section 63–2–202(7)(e) of the Utah Code gave it authority to order the disclosure of the disputed records. The County attacks this conclusion, arguing that section 63–2–202(7) gives a court such authority only when "the record [to which access has been denied] deals with a matter in controversy over which the court has jurisdiction," Utah Code Ann. § 63–2–202(7)(a) (1997), and that be-cause the district court had no jurisdiction over the matter in controversy—Young's termination proceedings—the district court had no authority to order release of the records. While the district court correctly concluded that it had authority to order the disclosure of records, this authority derives from section 63–2–404, not section 63–2–202.

¶ 13 Section 63–2–202 specifies the parameters under which a governmental entity shall provide access to private, controlled, and protected documents. *See generally* § 63–2–202. Section 63–2–202(7) specifically authorizes a governmental entity to disclose records pursuant to a court order, provided the court order complies with specified parameters. *See* § 63–2–202(7)(a–e). Section 63–2–202(7) does not, however, specifically confer authority upon a court to order the disclosure of such records. This authority is conferred upon courts in section 63–2–404, which deals with judicial review of disclosure requests.

¶ 14 Under section 63–2–404, "[a] requester may petition for judicial review by the district court of a governmental entity's determination ...." § 63–2–404(2)(a). The only prerequisites to this review are that the petition must be timely filed, § 63–2–404(2)(b); *see infra* Part I, that the petition be in the form of a complaint, § 63–2–404(3), and that the proceedings be governed by the Utah Rules of Civil Procedure. § 63–2–404(5). Section 63–2–404 authorizes the district court to review the governmental entity's decision de novo, § 63–2–404(7)(a), and decide the issue by considering and weighing the various interests and public policies for or against disclosure. § 63–2–404(8)(a). The district court may impose restrictions on the disclosure. § 63–2–404(8)(b).

**2.** The County implicitly argues that section 63–2–401(5)(a)(i) bars the Sheriff from responding to GRAMA requests after five days and cites *Retherford v. Industrial Commission,* 739 P.2d 76 (Utah Ct.App.1987) in support of the proposition that the Sheriff may not change statutory jurisdictional requirements. Although this is a correct reading of *Retherford,* the Sheriff's response to Young's request after five days did not violate any statutory requirements. While it is true that section 63–2–401(5)(a)(i) requires the chief administrative officer to make a determination on a GRAMA appeal within five days where no claim of business confidentiality has been made, *see* § 63–2–401(5)(a), section 63–2–401(5)(c) authorizes the parties to extend the specified time periods by agreement. Although the parties have not argued this point, the Sheriff's choice to respond to Young's request outside of the five-day period and Young's choice to rely upon that response as the basis of his petition for judicial review shows an implicit agreement to extend the period. Consequently, we see no statutory bar to the Sheriff's response.

¶ 15 In this case, Young followed the proper appeals procedure established in sections 63–2–401 to 405 of GRAMA. Pursuant to section 63–2–401, Young appealed the County's determination to the Sheriff. After the Sheriff denied Young's request, Young exercised his option under section 63–2–402 to appeal this determination to a district court. Young then properly filed a petition with the district court pursuant to section 63–2–404, and the district court properly exercised the authority conferred upon it by section 63–2–404 to consider Young's petition.

■ ¶ 16 Regardless of the district court's authority under GRAMA to review Young's petition, the County asserts that the district court failed to consider the effect of section 17–30–19 in ordering disclosure of records, and argues that this section prohibits the release of the unappealed disciplinary records of other deputies. Section 17–30–19 provides, in relevant part:

(1) Each person who orders the demotion, reduction in pay, suspension, or discharge of a merit system officer for any cause set forth in Section 17–30–18 shall:

(a) file written charges with the commission; and

(b) serve the officer with a copy of the written charges.

(2)(a)(i) An officer who is the subject of charges under Subsection (1) may, within ten days after service of the charges, appeal in writing to the commission.

(ii) In the absence of an appeal, *a copy of the charges under Subsection (1) may not be made public without the consent of the officer charged.*

§ 17–30–19(1), (2) (emphasis added).

¶ 17 Section 17–30–19 clearly states that charges, as narrowly defined in the statute, are not public records if the charges have not been appealed. § 17–30–19(2)(a)(ii). Young requested that the County disclose, among other things, "[a]ny records concerning any investigation of any member of the Salt Lake County Sheriff's Department that concerned an improper use or handling of a firearm or that concerned any sexually inappropriate behavior, both verbal or physical." The district court explicitly considered section 17–30–19 and held that, notwithstanding section 17–30–19, it had authority to order the disclosure of "disciplinary records and investigative files of any sworn member of the Salt Lake County Sheriff's Department where the conduct investigated concerned the inappropriate use or handling of a firearm or inappropriate sexual conduct, both verbal or physical." In arriving at this conclusion, the district court appears to have followed the proper procedure under GRAMA, which gives the district court authority to, "upon consideration and weighing of the various interests and public policies pertinent to the classification and disclosure or nondisclosure, order the disclosure of information ... if the interest favoring access outweighs the interest favoring restriction of access." § 63–2–404(8)(a). While the district court appears to have attempted to weigh the various interests and public policies relevant to Young's request in arriving at its conclusion, we disagree with its conclusion that disclosure of the requested records is appropriate to the extent the order requires disclosure of unappealed charges under section 17–30–19.

¶ 18 In enacting section 17–30–19, the legislature made a policy determination that unappealed charges are not to be made public "without the consent of the officer charged." § 17–30–19(2)(a)(ii). In light of this explicit legislative pronouncement, we do not see how any interests can outweigh this determination. In arriving at this conclusion, we note that GRAMA gives significant weight to state statutes in determining whether or not disclosure of a document is appropriate. *See* § 63–2–201(3)(b) (stating that records to which access is restricted pursuant to another state statute are not public records); *see also* § 63–2–301(2)(*o*) (stating that while information relating to formal charges or disciplinary action against governmental employees is normally of public record, access to such records may be restricted under section 63–2–201(3)(b)). Thus, to the extent the district court's order requires the release of unappealed charges as narrowly defined in section 17–30–19, we reverse the district court and remand for an order consistent with this opinion. We affirm the district court's order otherwise.

**1246** 

## III. ATTORNEY FEES

 ¶ 19 Young asks us to award attorney fees under Utah Rule of Appellate Procedure 33(a) for his defense of this appeal as the County's appeal is, according to Young, "frivolous." Specifically, Young asserts that the County's arguments are "contrary to the plain language of the statutes upon which they rely" and its interpretation of the relevant statutes is "contrary to the intent of the statutes [and is] therefore not warranted by existing law or based on a good faith argument to extend, modify[,] or reverse existing law." Young's argument is without merit. While we have not accepted all of the County's arguments, the County's appeal is not frivolous as it is based on a reasonable legal and factual basis. *See, e.g., O'Brien v. Rush,* 744 P.2d 306, 310 (Utah Ct.App.1987) (defining frivolous appeal as an appeal having no reasonable legal or factual basis).

## CONCLUSION

¶ 20 Young's petition for judicial review of the Sheriff's denial of his records appeal was timely filed with the district court pursuant to section 63–2–404(2)(b)(i) of the Utah Code. The district court had authority to order the disclosure of the requested records under section 63–2–404, except to the extent that un-appealed charges as defined in section 17–30–19 would be disclosed. The County's appeal is not frivolous and we accordingly deny Young any attorney fees. We affirm in part, reverse in part, and remand to the district court to modify its order to preclude the disclosure of any un-appealed charges as narrowly defined in section 17–30–19.

¶ 21 Chief Justice DURHAM, Associate Chief Justice DURRANT, Justice HOWE, and Justice RUSSON concur in Justice WILKINS' opinion.