VOROS, Judge
(dissenting):
1 47 I respectfully dissent. Given the circumstances of this case and the state of the law until today, I would accord today's ruling only prospective effect.
T48 Monarrez contends that, under the cireumstances of this case, we should apply our interpretation of the Limitations Provision prospectively only. He asserts that the statutory question we decide today has never before been addressed by our courts and that given case law interpreting equivalent provisions in the APA and GRAMA, the language of the GIAU was not sufficiently clear to inform him that a complaint filed within one year of the actual denial but more than one year past the deemed-denied date would be barred as untimely.
4 49 "The general rule from time immemorial is that the ruling of a court is deemed to state the true nature of the law both retrospectively and prospectively." Malan v. Lewis, 698 P2d 661, 676 (Utah 1984). Though apparently ancient, the rule is "general" and not inviolable: we have discretion to depart from it when retroactive application will result in "substantial injustice." Id. Our supreme court "has developed a sound theoretical framework for determining when a new rule of law in a civil case will be applied retroactively." Kennecott Corp. v. State Tax Comm'n of Utah, 862 P.2d 1848, 1852 (Utah 1998). Resolution of the retroactivity question depends on "an appraisal of the relevant judicial policies." Id. Thus,
we look to the impact retroactive application would have on those affected. When we conclude that there has been justifiable reliance on the prior state of the law or that the retroactive application of the new law may otherwise create an undue burden, the court may order that a decision apply only prospectively.
*926 Id. (citation and internal quotation marks omitted). In my judgment, these policies favor prospective application of today's decision.
T 50 Until today, no Utah court had examined the Limitations Provision in the context of a twice-denied notice of claim. I consider the legal question a close call. On balance I agree with the majority that the text of the Limitations Provision specifies that the time for filing a complaint begins either when the notice of claim is affirmatively denied within the sixty-day period or when the notice of claim is deemed denied at the expiration of that period. However, the "prior state of the law" in this general area consisted of two supreme court cases interpreting similar provisions of the APA and GRAMA and reaching a contrary result. See id.; see also Young v. Salt Lake County, 2002 UT 70, T1 6-11, 52 P.3d 1240; Harper Invs., Inc. v. Auditing Div., Utah State Tax Comm'n, 868 P.2d 818, 815-16 (Utah 1994). Though we distinguish those cases based on statutory differences, reasonable minds might see those statutes and this one as more similar than different and so apply that case law. Furthermore, UDOT itself created the conundrum by sending the denial letter after the deemed-denied date. Although we agree with UDOT that its denial letter lacked legal significance, a reasonable person acquainted with the caselaw might have been justified in treating that letter as legally significant.
[ 51 In sum, given the uncertainty resulting from the status of the law and UDOT's own acts, retroactive application of the Limitations Provision here would place an undue burden on Monarrez and result in substantial injustice. See Kennecott Corp., 862 P.2d at 1352; see also Hathaway v. State ex rel. Medical Research & Tech. Auth., 2002 OK 53, T 15, 49 P.3d 740 (stating that where "the dispositive rule of law on the point in controversy was far from settled, fundamental fairness" required that the court's opinion "be accorded purely prospective effect").
1 52 I would accordingly reverse.